## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

CRIMINAL ACTION NO. 6:25-CR-96-SCM

UNITED STATES OF AMERICA                                             PLAINTIFF

V.                              **BINDING PLEA AGREEMENT**

CHRISTOPHER J. MERAM                                                 DEFENDANT

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Two of the Indictment, which charges a violation of 21 U.S.C. § 841(a)(1), distribution of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.  Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count One and agrees not to bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence with respect to the term of imprisonment. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be in the judgment.

2.      The essential elements of Count Two are:

(a)    The Defendant knowingly or intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

(b)    The Defendant knew at the time of distribution that the substance was a controlled substance; and

(c)    The offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

3.    As to Count Two, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On September 8, 2025, in Fayette County, within the Eastern District of Kentucky, the Defendant sold an informant 50 grams of a fentanyl mixture for $3,000. The transaction was captured on video surveillance.

4.    The statutory punishment for Count Two is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)    The November 1, 2025, United States Sentencing Guidelines (U.S.S.G.) manual will determine the Defendant's guidelines range.

(b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 1,000 kilograms but less than 3,000 kilograms of

2

converted drug weight, which corresponds to a base offense level of 30.

(c)     Pursuant to U.S.S.G. § 2D1.1(b)(18), decrease the offense level by 2 levels because the Defendant meets the criteria set forth in paragraphs (1)–(5) of subsection (a) of §5C1.2.

(d)     Pursuant to U.S.S.G. § 4C1.1, decrease the offense level by 2 levels, provided that the United States Probation Office finds that the Defendant receives no criminal history points.

(e)     Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.     The United States and the Defendant agree to a 57-month term of imprisonment, which binds the Court upon acceptance of this plea agreement.

7.     No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.     The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.     This document contains the complete and only Plea Agreement between the

3

United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT U.S. ATTORNEY

Date: 3-16-2026    By: _____
Jason D. Parman
Assistant United States Attorney

Date: 3-15-2026    _____
Christopher J. Meram
Defendant

Date: 3-15-2026    _____
Michael Kemnitz
Attorney for Defendant

4